IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL DEAN,

           Plaintiff,                   No. CIV S-12-0048 GEB DAD PS

      v.

PAUL KING, et al.,                FINDINGS AND RECOMMENDATIONS

           Defendants.

_____/

      This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

      Plaintiff has submitted an in forma pauperis application that makes the showing required by 28 U.S.C. § 1915(a)(1).  However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See 28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

1   28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it is

2   based on an indisputably meritless legal theory or where the factual contentions are clearly

3   baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

4                 To state a claim on which relief may be granted, the plaintiff must allege "enough

5   facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550

6   U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court

7   accepts as true the material allegations in the complaint and construes the allegations in the light

8   most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg.

9   Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,

10   1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by

11   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as

12   true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western

13   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14                 The minimum requirements for a civil complaint in federal court are as follows:

15           A pleading which sets forth a claim for relief . . . shall contain (1) a
          short and plain statement of the grounds upon which the court's
16         jurisdiction depends . . . , (2) a short and plain statement of the
          claim showing that the pleader is entitled to relief, and (3) a
17         demand for judgment for the relief the pleader seeks.

18   Fed. R. Civ. P. 8(a).

19                 Here, plaintiff's filing is deficient in at least two fundamental respects.  First,

20   plaintiff's one-page complaint, although certainly short, does not contain a plain statement of the

21   grounds upon which the court's jurisdiction depends.  In this regard, plaintiff's complaint consist

22   exclusively of vague and conclusory allegations, and is nearly incomprehensible.

23                 Jurisdiction is a threshold inquiry that must precede the adjudication of any case

24   before the district court.  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,

25   858 F.2d 1376, 1380 (9th Cir. 1988).  Federal courts are courts of limited jurisdiction and may

26   adjudicate only those cases authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511

U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[1]  "Federal courts are

presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'"

Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch.

Dist., 475 U.S. 534, 546 (1986)).

        Lack of subject matter jurisdiction may be raised by the court at any time during

the proceedings.  Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th

Cir. 1996).  A federal court "ha[s] an independent obligation to address sua sponte whether [it]

has subject-matter jurisdiction."  Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999).  It

is the obligation of the district court "to be alert to jurisdictional requirements."  Grupo Dataflux

v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004).  Without jurisdiction, the district court

cannot decide the merits of a case or order any relief.  See Morongo, 858 F.2d at 1380.

        The burden of establishing jurisdiction rests upon plaintiff as the party asserting

jurisdiction.  Kokkonen, 511 U.S. at 377; see also Hagans v. Lavine, 415 U.S. 528, 543 (1974)

(acknowledging that a claim may be dismissed for lack of jurisdiction if it is "so insubstantial,

implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy

within the jurisdiction of the District Court"); Bell v. Hood, 327 U.S. 678, 682-83 (1946)

(recognizing that a claim is subject to dismissal for want of jurisdiction where it is "wholly

insubstantial and frivolous" and so patently without merit as to justify dismissal for lack of

jurisdiction ); Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (holding that even

"[a] paid complaint that is 'obviously frivolous' does not confer federal subject matter

jurisdiction . . . and may be dismissed sua sponte before service of process.").

        The basic federal jurisdiction statutes are 28 U.S.C. §§ 1331 and 1332, which

confer "federal question" and "diversity" jurisdiction, respectively.  Federal jurisdiction may also

---

        [1] Congress has conferred jurisdiction upon the federal district courts as limited by the
United States Constitution.  U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v.
Richards, 504 U.S. 689, 697-99 (1992).

1  be conferred by federal statutes regulating specific subject matter.  District courts have "original

2  jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

3  States." 28 U.S.C. § 1331.  "Most federal-question jurisdiction cases are those in which federal

4  law creates a cause of action.  A case may also arise under federal law where 'it appears that

5  some substantial, disputed question of federal law is a necessary element of one of the well-

6  pleaded state claims.'"  Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002) (quoting Franchise

7  Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983)).  The

8  "well-pleaded complaint rule" provides that federal jurisdiction exists only when a federal

9  question is presented on the face of the plaintiff's properly pleaded complaint.  California v.

10  United States, 215 F.3d 1005, 1014 (9th Cir. 2000).

11         "'Arising under' federal jurisdiction only arises . . . when the federal law does

12  more than just shape a court's interpretation of state law; the federal law must be *at issue*."  Int'l

13  Union of Operating Eng'rs v. County of Plumas, 559 F.3d 1041, 1045 (9th Cir. 2009).  The mere

14  presence of a federal issue does not automatically confer federal-question jurisdiction, and

15  passing references to federal statutes do not create a substantial federal question.  Lippitt v.

16  Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1040-41 (9th Cir. 2003); Rains v. Criterion

17  Sys., Inc., 80 F.3d 339, 344 (9th Cir. 1996).  "When a claim can be supported by alternative and

18  independent theories – one of which is a state law theory and one of which is a federal law theory

19  – federal question jurisdiction does not attach because federal law is not a necessary element of

20  the claim."  Rains, 80 F.3d at 346.  See also Lippitt, 340 F.3d at 1043.

21         In addition, plaintiff's complaint does not state a cause of action or allege the

22  factual allegations underlying that cause of action.  In this regard, plaintiff's complaint reads as

23  follows:

24         ON MARCH 2 2011 MICHAEL DEAN DEVELOPED INFINITE
           ENERGY SOURCE TO CREATE ELECTRIC POWER. WITH
25         ADVERTISMENT [sic] ON INTERNET FOR PRIVATE
           SECTOR TO ENGAGE IN SOLVING ENERGY CRISIS I
26         CONTACTED PAUL KING FROM NETL IN OREGON.

4

1    PRESENTED DRAWINGS AND VIDEO CLIP OF WORKING
     MODEL AFTER 3 MOS.  OF LOOLING [sic] MICHAEL DEAN
2    TO BELIEVE THAT MY DEMONSTRATION IS VALID THEY
     TERMINATED ALL CONTACT WITH REPORT THAT
3    DEVICE IS NOT WORKING THUS PRESENTING FALSE
     INFORMATION TO GVT IS CRIMINAL OFFENSE, 3 MOS OF
4    MISSLEADING [sic] MICHAEL DEAN DEMANDS
     IMPLEMENTATION OF PROJECT DEMAND OF 20 MILL TO
5    BE IMPLEMENTED TOWARD PRODUCTION DEVICE,
     SIMPLICITY OF DEVICE IS EQUAL TO BICYCLE ANY
6    JUROR IS QUALIFIED TO ENTER VALIDITY OF
     PROJECT..TRIAL BY JURY IS DEMANDED ALL
7    COMMUNICATIONS ARE VERIFIED BY
     INTERNET...........EXIBIT [sic] A

8

9    (Compl. (Doc. No. 1) at 1.)

10            Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a

11   complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that

12   state the elements of each claim plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v.

13   Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels

14   and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor

15   does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

16   enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting

17   Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity

18   overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at

19   649.

20            For the reasons cited above, plaintiff's complaint should be dismissed for failure

21   to state a claim upon which relief can be granted.

22            The undersigned has carefully considered whether plaintiff may amend his

23   pleading to state a claim upon which relief can be granted.  "Valid reasons for denying leave to

24   amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

25   Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  See also Klamath-Lake

26   Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that

while leave to amend shall be freely given, the court does not have to allow futile amendments).
In light of the obvious deficiencies of the complaint filed by plaintiff in this action as noted
above, the court finds that it would be futile to grant plaintiff leave to amend.

Accordingly, IT IS RECOMMENDED that:

1.  Plaintiff's January 9, 2012 application to proceed in forma pauperis (Doc. No.
2) be denied;

2.  Plaintiff's January 9, 2012 complaint be dismissed without leave to amend;
and

3.  This action be dismissed.

These findings and recommendations will be submitted to the United States
District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within
fourteen (14) days after being served with these findings and recommendations, plaintiff may file
written objections with the court.  A document containing objections should be titled "Objections
to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
objections within the specified time may, under certain circumstances, waive the right to appeal
the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 6, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\dean0048.ifpden.f&rs

6